UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT - 4 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
                                  Plaintiff, )
)
                      v. )
)
INTERSTATE BRANDS CORPORATION )
6031 Connection Drive, Suite 600 )
Irving, Texas 75039, )
)

    Serve: Registered Agent
    Corporation Service Company
    DBA CSC-Lawyers Inco
    211 E. 7th Street, Suite 620
    Austin, Texas 78701

Case: 1:11-cv-01764
Assigned To : Wilkins, Robert L.
Assign. Date : 10/4/2011
Description: Labor/ERISA

                                Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUND, FOR AN AUDIT OF PAYROLL RECORDS AND INJUNCTIVE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1).  The Central Pension Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust.  The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.  The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant, Interstate Brands Corporation is a Delaware corporation and has a place of business at 6031 Connection Drive, Irving, Texas, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

### JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of collective bargaining agreements and for an audit of payroll records. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound to and signatory at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local Union No. 101, 286, 399 and 627 that govern the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the collective bargaining agreements.

7. Defendant also has been bound to and signatory to participating agreements.

8. Pursuant to the Agreements, Defendant agreed to pay to the Plaintiff certain sums of money for each hour paid to employees of the Defendant performing work covered by the Agreements.

9. Between the period of July 2011 through the present, Defendant has employed employees performing work under the Agreements for whom contributions were due to the Plaintiff.

10. During this period of time Defendant failed to pay to the Plaintiff the contributions owed under the Agreements.

11. Under the Agreements, the Defendant is bound to the terms of the Plaintiff's Restated Agreement and Declaration of Trust.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages.

13. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest.

14. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all costs and attorneys' fees and audit costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES TO EMPLOYEE BENEFIT FUND)

15. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. For the period of July 2011 to the present the Defendant failed to pay all contributions owed to the Plaintiff as required by the Agreements.

17. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

18. Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiff.

19. The Plaintiff is entitled to judgment for all contributions owed from July 2011 to the date of judgment, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs, audit fees and attorneys' fees.

## COUNT II

### (FOR A PAYROLL AUDIT)

20. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21. The audit of the Defendant's payroll records from the period of January 2011 to the present will permit the Plaintiff to determine the correct number of hours paid to the Defendant's covered employees and the amount owed to the Plaintiff.

22. Under the terms of the Restated Agreement and Declaration of Trust the Plaintiff is entitled to conduct an audit of Defendant's payroll records.

## COUNT III

### (FOR INJUNCTIVE RELIEF)

23. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in this Count III.

24. Defendant is obligated to make timely contributions to the Plaintiff in the amounts and on the dates required by the Agreements.

25. Defendant has repeatedly failed to submit contributions to the Plaintiff and announced that it intends to suspend future payments to the Central Pension Fund.

26. This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of an employee benefit plan and threatens the Central Pension Fund and its beneficiaries with irreparable harm if injunctive relief is not granted.

27. By virtue of the failure to make timely and complete payments, the Defendant has caused the Central Pension Fund to suffer the loss of investment income and additional administrative expenses as well as deprived the Central Pension Fund of the ability to accurately determine the amount of contributions owed during that time period.

28. The public interest will be served by an issuance of injunctive relief.

**WHEREFORE,** Plaintiff prays judgment for Counts I, II and III against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff for the period of July 2011 through the date of judgment including any unpaid contributions owed after the time this action was filed.

B. For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. Costs, audit and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Restated Agreement and Declaration of Trust through the date of judgment.

D. For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at Defendant's cost for the period of January 2011 to the date of judgment.

E. For any and all unpaid contributions, liquidated damages, and interest owed to the Plaintiff which become due as a result of the audit of its payroll books and records, plus costs, interests, audit and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

F. For injunctive relief and an order retraining the Defendant from further violation of the Agreements:

G. Such further relief as the Court deems appropriate.

|  |  |
|---|---|
| Dated: October 4, 2011 | Respectfully submitted,<br><br>By: _____<br>R. Richard Hopp (Bar No. 432221)<br>**O'DONOGHUE & O'DONOGHUE LLP**<br>4748 Wisconsin Avenue, N.W.<br>Washington, D.C. 20016<br>Telephone: (202) 362-0041<br>Facsimile: (202) 327-1200<br><br>*Attorney for the Plaintiff* |